UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW ENGRAM, a/k/a "MAGIC,"<br><br>Defendant | Criminal No. 19CR10461<br><br>Violations:<br><br>Counts One and Three: Sex Trafficking by Force, Fraud and Coercion<br>(18 U.S.C. §§ 1591(a) and (b)(1))<br><br>Count Two: Attempted Sex Trafficking by Force, Fraud and Coercion<br>(18 U.S.C. §§ 1591(a) and (b)(1) and 1594(a))<br><br>Counts Four and Five: Transportation of an Individual for Purposes of Prostitution; Aiding and Abetting<br>(18 U.S.C. §§ 2421 and 2)<br><br>Count Six: Conspiracy to Commit Interstate Travel in Aid of a Racketeering Enterprise<br>(18 U.S.C. § 371)<br><br>Sex Trafficking Forfeiture Allegation:<br>(18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c))<br><br>Transportation Forfeiture Allegation:<br>(18 U.S.C. § 2428(a), and 28 U.S.C. § 2461(c))<br><br>Conspiracy Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) |

## INDICTMENT

### COUNT ONE
Sex Trafficking by Force, Fraud and Coercion
(18 U.S.C. §§ 1591(a)(1) and (b)(1))

The Grand Jury charges:

From at least in or around January 2009 through in or around December 2014, in the Districts of Massachusetts, Pennsylvania, Connecticut, and elsewhere, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, i.e., Victim A, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause Victim A to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1).

## COUNT TWO
### Attempted Sex Trafficking by Force, Fraud and Coercion
### (18 U.S.C. §§ 1591(a)(1), (b)(1) and 1594(a))

The Grand Jury further charges:

In or about April 2011, in the District of Massachusetts, the defendant,

**MATTHEW ENGRAM, a/k/a "MAGIC,"**

did knowingly, and knowingly attempt to, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, i.e., Victim B, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause Victim B to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and 1594(a).

## COUNT THREE
Sex Trafficking by Force, Fraud and Coercion
(18 U.S.C. §§ 1591(a)(1) and (b)(1))

The Grand Jury further charges:

From in or about December 2012 through in or about December 2013, in the District of Massachusetts, and elsewhere, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, i.e., Victim C, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause Victim C to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1).

## COUNT FOUR
Transportation of an Individual for Purposes of Prostitution; Aiding and Abetting
(18 U.S.C. §§ 2421 and 2)

The Grand Jury further charges:

In or about May 2013, in the Districts of Massachusetts, Maine, and elsewhere, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

did knowingly transport an individual, i.e., Victim C, in interstate commerce, that is, between Maine and Massachusetts, with the intent that Victim C engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Sections 2421 and 2.

## COUNT FIVE
Transportation of an Individual for Purposes of Prostitution; Aiding and Abetting
(18 U.S.C. §§ 2421 and 2)

The Grand Jury further charges:

On or about December 6, 2014, in the Districts of Massachusetts and Connecticut, and elsewhere, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

did knowingly transport an individual, i.e., Victim A, in interstate commerce, that is, between Massachusetts and Connecticut, with the intent that Victim A engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United States Code, Sections 2421 and 2.

## COUNT SIX
### Conspiracy to Commit Interstate Travel in Aid of a Racketeering Enterprise
### (18 U.S.C. § 371)

The Grand Jury further charges:

1. From no later than January 2009, through at least summer 2015, in the District of Massachusetts, and elsewhere, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

conspired with Natashia Bowman ("Bowman") and others known and unknown to the Grand Jury to commit an offense against the United States, i.e., to travel in interstate commerce and use the mail and any facility in interstate commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of Massachusetts, and thereafter perform and attempt to perform an act to otherwise promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of such unlawful activity, in violation of Title 18, United Stated Code, Section 1952(a)(3)(A).

### Object and Purpose of the Conspiracy

2. The object of the conspiracy was to travel in interstate commerce and use the mail and any facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of a business enterprise involving prostitution offenses in violation of the laws of Massachusetts. The purpose of the conspiracy was for the defendant to enrich himself through the proceeds of his prostitution enterprise.

## Manner and Means

3. Among the manner and means by which ENGRAM, Bowman and coconspirators known and unknown to the Grand Jury carried out the criminal conspiracy were the following:

   a. Creating and running a prostitution enterprise out of ENGRAM'S home in Brockton, Massachusetts, and elsewhere, by recruiting women to perform commercial sex acts with clients and provide ENGRAM with all or part of the proceeds.

   b. Traveling and causing travel between Massachusetts and other states, such as Connecticut, Pennsylvania, New York, Virginia, Florida, and Maine for the purpose of transporting women to perform commercial sex acts and to promote ENGRAM's prostitution enterprise.

   c. Advertising commercial sex acts on internet websites for the purposes of promoting ENGRAM's prostitution enterprise.

   d. Exchanging text messages to share advertisements for commercial sex acts, organize prostitution dates, and reserve hotel rooms for such dates.

## Overt Acts in Furtherance of the Conspiracy

4. From in or about January 2009 through at least summer 2015, ENGRAM, Bowman and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

   a. In or about 2009, at ENGRAM's direction, Bowman created an internet website for the purpose of promoting ENGRAM's prostitution enterprise.

   b. In or about April 2011, after purportedly "purchasing" Victim B from another individual, ENGRAM met with Victim B at a hotel in Brockton, Massachusetts, and

attempted to recruit her to prostitute for him. When she refused, he physically attacked her.

c. In or about October 2013, ENGRAM directed Bowman to transport Victim C from Massachusetts to a hotel in New York, New York, for the purpose of commercial sex.

d. On or about October 10, 2013, at ENGRAM's direction, Bowman rented a hotel room for the purpose of commercial sex and directed Victim C to perform commercial sex acts there.

e. On or about October 10, 2013, at ENGRAM's direction, Bowman assaulted Victim C when Victim C declined to meet with a commercial sex customer.

f. In or about January 2014, ENGRAM and Bowman exchanged text messages discussing hotel room rates and prostitution advertisements for ENGRAM's prostitution business.

g. In or about 2014, at ENGRAM's direction, Bowman assaulted Victim A when Victim A failed to earn sufficient money engaging in commercial sex acts for ENGRAM's prostitution enterprise.

h. On or about December 6, 2014, ENGRAM transported Victim A from Massachusetts to a hotel in Milford, Connecticut, for the purpose of commercial sex, and remained with Victim A at that hotel for the same purpose until December 15, 2014.

i. On or about June 2, 2015, while incarcerated, ENGRAM spoke with Bowman by phone about the management and nature of the prostitution business, as well as his desire for proceeds of the business to be transferred to ENGRAM.

j. On or about July 3, 2015, while incarcerated, ENGRAM spoke with Bowman and another coconspirator about the management and nature of the prostitution business, as well as his desire for proceeds of the business to be transferred to ENGRAM.

k. On or about July 8, 2015, while incarcerated, ENGRAM spoke with Bowman and another coconspirator by phone about the management and nature of the prostitution business, as well as his desire for proceeds of the business to be transferred to ENGRAM.

All in violation of Title 18, United States Code, Section 371.

## SEX TRAFFICKING FORFEITURE ALLEGATION
(18 U.S.C. § 1594(d) and 28 U.S.C. § 2461(c))

5. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1591 and 1594, set forth in Counts One through Three of this Indictment, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

shall forfeit to the United States: (1) the defendant's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such offenses, and any property traceable to such property, pursuant to Title 18, United States Code, Section 1594(d); and (2) any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained, directly or indirectly, as a result of such offenses, and any property traceable to such property, pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c).

6. If any of the property described in paragraph 5, above, as being forfeitable, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 1594(d) and Title 28, United States Code, Section 2461(c).

## TRANSPORTATION FOR PROSTITUTION FORFEITURE ALLEGATION
(18 U.S.C. § 2428(a) and 28 U.S.C. § 2461(c))

7. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 2421, set forth in Counts Four and Five of this Indictment, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

shall forfeit to the United States: (1) the defendant's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, pursuant to Title 18, United States Code, Section 2428(a); and (2) any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained, directly or indirectly, as a result of such offenses, pursuant to Title 18, United States Code, Section 2428(a), and Title 18, United States Code and Title 28, United States Code, Section 2461(c).

8. If any of the property described in paragraph 7, above, as being forfeitable, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 2428(a) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## CONSPIRACY FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

9. Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count Six of this Indictment, the defendant,

MATTHEW ENGRAM, a/k/a "MAGIC,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

10. If any of the property described in paragraph 9, above, as being forfeitable, as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

_____
FOREPERSON

_____
SUZANNE SULLIVAN JACOBUS
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

_____
VASANTHA RAO
SHAN PATEL
MARYAM ZHURAVITSKY
TRIAL ATTORNEYS, DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

District of Massachusetts: DECEMBER 5, 2019
Returned into the District by the Grand Jurors and filed.

_____
DEPUTY CLERK   12/5/19
@ 2:30pm